UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAINA M. EASLEY,

      Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

      Defendant.

Case No. 12-cv-66-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 31) of Magistrate Judge Clifford J. Proud recommending that the Court affirm the final decision of the Acting Commissioner of Social Security ("Commissioner") to deny plaintiff Daina M. Easley's application for Supplemental Security Income benefits. Easley has objected to the Report (Doc. 32), and the Commissioner has responded to those objections (Doc. 33).

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**I.**    **The Report and Objections**

    The Report found that the Administrative Law Judge's ("ALJ") decision to deny benefits was supported by substantial evidence and did not make an error of law. The ALJ found that Easley's claim faltered at the fifth step of the five-step sequential analysis to determine if a claimant is disabled – whether the assessment of her residual functional capacity ("RFC"), age,

education and work experience allowed her to adjust to work.   20 C.F.R. § 404.1520(a)(4) (2010). He determined that Easley had the residual functional capacity "to perform a full range of work at all exertional levels except for performing more than simple routine tasks with no more than occasional interaction with the general public."   ALJ Decision at 5.

In her objections, Easley repeats arguments she made in the original briefing on this matter. She argues that the ALJ erred by failing to include in his RFC assessment an additional requirement that Easley not be around other people, a limitation supported by Easley's own testimony.   She argues the ALJ improperly weighed medical opinions and improperly discredited her testimony in making this RFC determination.

The Court reviews these aspects of the Report *de novo*.

**II.   Analysis**

As the Report noted, the Court reviews the Commissioner's final decision – here, the ALJ's decision – to ensure it is supported by substantial evidence and contains no error of law. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Id.* (internal quotations and citation omitted).   When it decides whether substantial evidence supports a decision, the Court does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the Commissioner.   *Id.*

The Court first addresses the ALJ's credibility determination, which is the primary support for Easley's argument that the additional limitation should be included in her RFC assessment. The Court affords the ALJ's credibility determination special deference because he is in the best position to see and hear the witnesses and to assess their forthrightness.   *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009); *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008); *Skarbek v.*

*Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004).   The Court will reverse the ALJ's credibility determination only if the claimant shows it is so lacking in explanation or support that it is "patently wrong."   *Simila*, 573 F.3d at 517; *Skarbek*, 390 F.3d at 505.   To determine what weight to give a claimant's subjective testimony, the ALJ should look to the objective medical evidence, the claimant's daily activities, the location, duration, frequency and intensity of symptoms, any precipitating or aggravating factors, the types and effectiveness of treatments and medications, and other factors concerning the claimant's functional limitations.   *Simila*, 573 F.3d at 517; 20 C.F.R. § 404.1529(c)(2) & (3) (2010); Soc. Sec. Ruling 96-7p.   In making a credibility determination, the ALJ should consider any inconsistencies or conflicts between the claimant's statements and the other evidence in the case.   *Simila*, 573 F.3d at 517; 20 C.F.R. § 404.1529(c)(4) (2010). However, an ALJ cannot reject a claimant's statements about limitations *solely* because the objective medical evidence does not support the statements.   *Simila*, 573 F.3d at 517; *Carradine v. Barnhart,* 360 F.3d 751, 753 (7th Cir. 2004); 20 C.F.R. § 404.1529(c)(2) (2010).   The ALJ must consider the entire case record and give specific reasons for finding a claimant's testimony not credible.   *See Simila*, 573 F.3d at 517; Soc. Sec. Ruling 96-7p.

As a preliminary matter, contrary to Easley's representations, the ALJ did not use the kind of boilerplate language regarding credibility that has been rejected in other cases.   *Bjornson v. Astrue,* 671 F.3d 640, 644-45 (7th Cir. 2012) (rejecting a "meaningless boilerplate" credibility finding, in part, for failing to cite the evidence supporting the finding).   Instead, the ALJ takes more than a page to discuss Easley's credibility regarding her alleged inability to be around other people and the relevant evidence bearing on her credibility.   For example, he points to her prior work history indicating a lack of motivation to work, the inconsistency between Easley's daily activities and her alleged disabling symptoms and limitations, the lack of a physician's

recommendation for further restriction, the lack of support in the objective medical evidence, Easley's failure to seek treatment or medication for a significant period of time, and Easley's apparent lack of discomfort at the hearing . ALJ Decision at 6-7.  The Court is satisfied that the ALJ considered the entire record in making his credibility determination and has given sufficiently specific reasons for finding Easley's testimony incredible as to the need for a further limitation on her RFC.

The Court further finds the ALJ properly weighed the medical testimony in assessing Easley's RFC.  Easley believes the ALJ erred in accepting the opinion of John Tomassetti, Ph.D., a non-examining state agency psychological consultant.  To determine the weight to give a medical opinion, the ALJ must look at whether the physician examined the claimant, whether the physician has a treatment relationship with the claimant, how well the opinion is supported and explained, whether it is consistent with the other evidence, the specialization of the physician, and any other relevant factor known by the ALJ.  *See Simila*, 573 F.3d at 515; 20 C.F.R. § 404.1527(d) (2010).  Although Tomassetti did not examine or treat Easley, the ALJ noted that his opinion – that Easley had sufficient residual capacity to perform simple and routine tasks with limited contact with the general public – was supported, consistent with the objective medical evidence, and corroborated by other non-examining state agency psychologists.  In addition, there is no medical evidence from any medical source – treating, examining or consulting – recommending the additional restriction on being around other people that Easley claims should be in her RFC assessment.  Thus, the ALJ did not err in accepting Dr. Tomassetti's opinion about Easley's residual capacity when determining her RFC.

In sum, the Report was correct in finding the ALJ's RFC assessment was supported by substantial evidence and did not contain an error of law.

The Court has reviewed the remainder of the Report and finds no clear error.

### III. Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 31);

- **AFFIRMS** the final decision of the Commissioner of Social Security to deny Easley's application for Supplemental Security Income benefits; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   May 10, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
